**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SIERRA CLUB<br>2101 Webster St., Suite 1300<br>Oakland, CA 94612<br><br>Plaintiff,<br><br>v.<br><br>SCOTT PRUITT, in his official capacity as<br>Administrator of the United States Environmental<br>Protection Agency<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. ___________ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

1. The Administrator of the United States Environmental Protection Agency (“Administrator” or “ EPA”) has failed to perform his non-discretionary duty to grant or deny a petition filed by the Sierra Club on August 8, 2016 (hereinafter “Petition”), asking EPA to object to the air pollution control operating permit (hereinafter “the Permit”) issued by the Tennessee Department of Environment and Conservation (“DEC”) under Title V of the Clean Air Act for Tennessee Valley Authority’s (“TVA”) Gallatin Fossil Plant (“Gallatin”). *See* 42 U.S.C. § 7661d(b)(2) (authorizing such petitions).

2. Although well more than sixty days have passed since Sierra Club filed its August 8, 2016 petition with the EPA, the Administrator has not granted or denied Sierra Club’s

Petition, in contravention of the mandatory sixty-day deadline for such action imposed under the Clean Air Act. *See* 42 U.S.C. § 7661d(b)(2). The Administrator, therefore, has violated and continues to violate his nondiscretionary duty under the Clean Air Act.

3. Accordingly, Sierra Club seeks a declaration that the Administrator is in violation of the Clean Air Act and an order compelling the Administrator to grant or deny Sierra Club's Petition by a date certain.

## II. JURISDICTION

4. The instant action arises under the Clean Air Act, 42 U.S.C. § 7661d(b). This Court has jurisdiction over Sierra Club's claims pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331, 1361. This Court has authority to order declaratory and injunctive relief pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1361, 2201, and 2202.

## III. NOTICE

5. By certified letter dated October 12, 2016, Sierra Club provided the Defendant with written notice of the Administrator's failure to perform his nondiscretionary duty at issue in this case and of its intent to bring this action, as required by 42 U.S.C. § 7604(b) and 40 C.F.R. §§ 54.2, 54.3. A copy of this notice is provided as Exhibit A to this Complaint. A period of more than sixty days has elapsed since Defendant was notified of Sierra Club's claim and intent to file suit. Therefore, notice was proper. *See* 42 U.S.C. § 7604(b)(2).

## IV. VENUE

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1). A substantial part of the events or omissions giving rise to Sierra Club's claim occurred in the District of Columbia. Defendant Administrator Pruitt is an officer of the United States, sued for acts and omissions in his official capacity as Administrator of the EPA, and EPA has its principal

office in the District of Columbia.

## V. PARTIES

7. Plaintiff Sierra Club is the oldest and largest grassroots environmental organization in the United States, with over 750,000 members nationally, including over 8,000 members in Tennessee. Sierra Club's mission is to explore, enjoy, and protect the wild places of the Earth; to practice and promote the responsible use of the Earth's resources and ecosystems; to educate and enlist humanity to protect and restore the quality of the natural and human environment; and to use all lawful means to carry out these objectives. Sierra Club and its members are greatly concerned about the effects of air pollution on the environment and human health and have a long history of involvement in activities related to air quality and source permitting under the Clean Air Act.

8. Sierra Club is a "person" within the meaning of 42 U.S.C. § 7602(e). As such, Sierra Club may commence a civil action under 42 U.S.C. § 7604(a).

9. The Administrator's failure to perform the mandatory duty described in this Complaint has injured and continues to injure the health, recreational, environmental, organizational, and procedural interests of Sierra Club and its members.

10. Sierra Club members live, work, travel, and recreate in areas where they are exposed to dangerous air pollutants emitted from the Gallatin Plant. Such air pollutants, which include particulate matter and sulfur dioxide, as well as nitrogen oxides, volatile organic compounds, carbon monoxide, and hazardous air pollutants, are associated with a variety of adverse health effects and damage to wildlife and vegetation. The Permit upon which Sierra Club's Petition is based purports to authorize Gallatin to release such air pollutants, thereby threatening the health of Sierra Club members and their use and enjoyment of the air,

environment, wildlife, and scenery adversely impacted by such pollutants.

11. EPA's failure to respond to Sierra Club's Petition creates doubt and concern for Sierra Club members about whether the Gallatin Plant is operating in compliance with the requirements of the Clean Air Act and whether they are being protected from exposure to air pollutants to the extent required by law.

12. During the permitting process for Gallatin, Sierra Club provided comments critical of the Permit's terms and limits. Subsequently, Sierra Club petitioned EPA to object to the issuance of the Permit. The Clean Air Act gives Sierra Club a procedural right to a timely, sixty-day decision on its Petition. *See* 42 U.S.C. § 7661d(b)(2). EPA's continuing failure to respond to Sierra Club's Petition causes harm by depriving Sierra Club and its members of protections to which they are entitled under the Clean Air Act and their procedural right to a timely decision on the Petition. EPA's failure to act prevents Sierra Club and its members from challenging an unfavorable EPA decision or benefiting from a favorable decision on the Petition.

13. Granting the relief requested in this lawsuit would redress Sierra Club and its members' injuries.

14. Scott Pruitt is sued in his official capacity as the Administrator of the EPA. The Administrator is responsible for taking various actions to implement and enforce the Clean Air Act, including the mandatory duty at issue in this case.

## VI. LEGAL BACKGROUND

15. The core purpose of the Clean Air Act is the protection of public health against the effects of harmful air pollution. *See* 42 U.S.C. § 7401(b)(1). To help meet this goal, the 1990 amendments to the Clean Air Act created the Title V permit program, an operating permit program that applies to all major sources of air pollution. *See* 42 U.S.C. §§ 7661-7661f.

16. Major sources of air pollution must obtain a valid operating permit issued pursuant to Title V of the Clean Air Act, which records applicable air pollution control requirements in a single document. *See* 42 U.S.C. §§ 7661a(a), 7661c(a). Sources regulated under Title V of the Act may not operate except in compliance with their Title V permits, 42 U.S.C. § 7661a(a), and such permits "shall include enforceable emission limitations and standards . . . and such other conditions as are necessary to assure compliance with applicable requirements of [the Air Pollution Prevention and Control] chapter, including the requirements of the applicable implementation plan." 42 U.S.C. § 7661c(a); *see also* 40 C.F.R. § 70.6(a)(1).

17. The Clean Air Act provides that the EPA Administrator may approve state programs to administer the Title V permitting program with respect to sources within their borders. *See* 42 U.S.C. § 7661a(d). EPA fully approved Tennessee's administration of its Title V permit program in 2001. *See* Tennessee Air Pollution Control Regulations Chapter 1200-03-09; *see also* 40 C.F.R. Part 70, Appendix A, Tennessee (a)(2) ("The State's operating permit program is hereby granted final full approval effective on November 30, 2001.").

18. Before Tennessee DEC may issue a Title V permit, the state agency must send the proposed Title V permit to EPA for review. 42 U.S.C. § 7661d(a)(1). EPA then has forty-five days to review the proposed permit. 42 U.S.C. § 7661d(b). EPA must object to the issuance of the permit if EPA finds that the permit does not comply with all applicable requirements under the Clean Air Act. *Id.*

19. If the Administrator does not object in writing to the issuance of the proposed permit on his own accord, any person may, within sixty days after the expiration of EPA's review period, petition the Administrator to take such action. 42 U.S.C. § 7661d(b)(2).

20. The Clean Air Act sets a mandatory deadline by which EPA must respond to any

such petition, requiring that the Administrator "shall grant or deny such petition within 60 days after the petition is filed." *Id.*

21. If EPA objects to a permit, the permitting authority may not issue the permit unless it is revised. 42 U.S.C. § 7661d(b)(3). If the permitting authority has issued the permit prior to receipt of an objection by the Administrator, the Administrator shall modify, terminate, or revoke such permit. *Id.*

22. If the Administrator fails to comply with a non-discretionary duty, such as acting on a petition to object within the statutorily mandated sixty-day time frame, the Clean Air Act allows any person to bring suit to compel the Administrator to do so. *See* 42 U.S.C. § 7604(a).

## VII. FACTUAL BACKGROUND

23. Gallatin is a major stationary source of air pollution located in Sumner County, Tennessee and subject to Title V of the Clean Air Act. The facility's operation consists primarily of four large coal-fired boilers.

24. On February 11, 2016, Tennessee DEC noticed a proposed Title V permit for the Gallatin Plant with a thirty-day public comment period. Sierra Club submitted timely comments on the Proposed Permit on March 11, 2016.

25. EPA's forty-five day review period for the proposed permit began on May 13, 2016, and ended on June 27, 2016.

26. On August 8, 2016, Sierra Club filed a petition requesting that the Administrator object to the issuance of the Gallatin Title V permit on the basis that it: includes impermissibly lax compliance requirements for opacity, particulate matter, and fugitive dust emissions; fails to incorporate reporting requirements to ensure compliance with a governing 2011 Consent Decree; includes startup/shutdown provisions that are inconsistent with the Clean Air Act; and imposes

an unreasonably permissive emissions limit for sulfur dioxide. Sierra Club's Petition was timely filed within sixty days following the conclusion of EPA's forty-five day review period, *see* 42 U.S.C. § 7661d(b)(2), and was based on objections that were raised with reasonable specificity during the public comment period for the proposed permit, in accordance with 42 U.S.C. § 7661d(b)(2).

27. EPA had sixty days, until October 8, 2016, to grant or deny Sierra Club's Petition. 42 U.S.C. § 7661d(b)(2). As of the date of filing of this complaint, EPA has not yet granted or denied the Petition.

## VIII. CLAIM FOR RELIEF

28. Sierra Club incorporates the allegations in all preceding paragraphs of this Complaint as if set forth in full herein.

29. The Administrator had a nondiscretionary duty to grant or deny Sierra Club's Petition within sixty days after it was filed. 42 U.S.C. § 7661d(b)(2) ("The Administrator shall grant or deny such petition within 60 days after the petition is filed") (emphasis added).

30. More than sixty days have passed since Sierra Club filed its August 8, 2016 Petition requesting that EPA object to the Title V Permit for Gallatin.

31. As of the date of filing this Complaint, the Administrator has not granted or denied Sierra Club's Petition. Thus, the Administrator has violated and continues to violate the Clean Air Act, 42 U.S.C. § 7661d(b)(2).

32. This Clean Air Act violation constitutes a "failure of the Administrator to perform any act or duty under [the Air Pollution Prevention and Control] chapter which is not discretionary with the Administrator" within the meaning of the Clean Air Act's citizen suit provision. 42 U.S.C. § 7604(a). The Administrator has been in violation of his non-

discretionary duty for 219 days, the violation is ongoing, and will continue unless remedied by this Court.

## IX. REQUEST FOR RELIEF

WHEREFORE, Sierra Club respectfully requests this Court enter judgment providing the following relief:

A) A declaration that the Administrator has violated the Clean Air Act by failing to grant or deny Sierra Club's Petition requesting that EPA object to the Title V operating permit for Gallatin;

B) An order compelling the Administrator to perform his mandatory duty to grant or deny Sierra Club's Petition for objection to the Title V operating permit for Gallatin by an expeditious certain date;

C) An order retaining jurisdiction over this matter until such time as the Administrator has complied with his non-discretionary duty under the Clean Air Act;

D) An order awarding Sierra Club its costs of litigation, including reasonable attorneys' fees; and

E) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 15, 2017

***/s/ Kathryn Amirpashaie***

Kathryn M. Amirpashaie
DC Bar Id. No. 1001491
Law Office of Kathryn M. Amirpashaie, PLC
406 Blue Ridge Avenue NE
Leesburg, VA 20176
Tel: (703) 771-8394
kmalawoffice@gmail.com

Zachary M. Fabish
DC Bar Id. No. 986127
The Sierra Club
50 F Street NW, Eighth Floor
Washington, DC 20009
Tel: (202) 675-7917
zachary.fabish@sierraclub.org

*Counsel for Plaintiff Sierra Club*