# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, </br></br> Plaintiff, </br></br> v. </br></br> SCOTT PRUITT, in his official capacity as Administrator of the United States Environmental Protection Agency </br></br> Defendant. | Civil Case No. 17-906 (RMC) |

## MEMORANDUM OPINION

In this action, Plaintiff Sierra Club sues the Environmental Protection Agency seeking to compel EPA to respond to Sierra Club's administrative petition objecting to a proposed operating permit for a power plant. EPA has conceded that, in contravention of its statutory obligations, it has not responded to Sierra Club's petition. Answer [Dkt. 7] ¶¶ 27, 30. The only live issue, then, is by what date EPA needs to issue that response. Sierra Club requests that the Court order EPA to respond within 60 days of the issuance of the Court's Order. EPA requests a slightly longer period, requesting until January 31, 2018. For the reasons stated below, the Court will order EPA to issue its response by January 31, 2018.

## I. BACKGROUND

Title V of the Clean Air Act, 42 U.S.C. §§ 7401-7671q (2012), establishes a permit program relating to the operation of stationary sources of air pollution, such as power plants. While primarily state-run, EPA exercises oversight responsibilities, and Sources of air pollution must submit comprehensive requests for operating permits to state agencies. *Id*. §§

1

7661a; 7661c.  EPA maintains oversight responsibilities, and state permitting authorities must submit any proposed permits for EPA review, in response to which EPA may lodge an objection. *Id.* § 7661d(a)(1); § 7661d(b)(1).

If EPA does not object to a proposed permit on its own, the Clean Air Act allows "any person [to] petition the [EPA] Administrator" to do so. *Id.* § 7661d(b)(2).  "The Administrator shall grant or deny such petition within 60 days after the petition is filed." *Id.*

In this matter, Sierra Club submitted such a petition on August 8, 2016, requesting that EPA object to a permit issued by the Tennessee Department of Environment and Conservation.  Compl. [Dkt. 1] ¶ 1.  Under § 7661d(b)(2), EPA had 60 days—or until October 8, 2016—to respond.

Receiving no response, on October 12, 2016, Sierra Club submitted a letter to EPA indicating its intention to file its Complaint, which fulfilled its statutory notice requirements.  *See* 60-Day Notice Letter dated 10/12/2016 [Dkt. 1-1]; 42 U.S.C. § 7604(b)(2); 40 C.F.R. §§ 54.2, 54.3.  Sierra Club filed its Complaint on May 15, 2017.  Compl. [Dkt. 1].  Sierra Club and EPA have submitted dueling Motions for Summary Judgment.  Pl.'s Mot. Summ. J. [Dkt 12]; Def.'s Mot. Summ. J. [Dkt. 17].  Those motions are now ripe for the Court's review.

## II. JURISDICTION

While the parties do not contest jurisdiction, it is incumbent on the Court to establish its own jurisdiction.  In this instance, the Clean Air Act grants federal district courts jurisdiction to order EPA to perform nondiscretionary duties.  42 U.S.C. § 7604(a).  The Clean Air Act further authorizes private entities, such as Sierra Club, to bring citizen suits against EPA "where there is alleged a failure of [EPA] to perform any act or duty . . . that is not discretionary." *Id*. § 7604(a)(2).  The Court has jurisdiction over this issue.

## III. ANALYSIS

Because EPA concedes it has not responded to Sierra Club's petition, the parties are only contesting exactly when EPA must respond. "When an agency has failed to meet the statutory deadline for a nondiscretionary act, the court may exercise its equity powers 'to set enforceable deadlines both of an ultimate and an intermediate nature.'" *Sierra Club v. Johnson*, 444 F. Supp. 2d 46, 52 (D.D.C. 2006) (quoting *Nat'l Resources Defense Council v. Train*, 510 F.2d 692, 705 (D.C. Cir. 1974)). "A court appropriately may decline to impose an immediate deadline . . . and may afford an agency additional time for compliance, 'where it is convinced by the official involved that he has in good faith employed the utmost diligence in discharging his statutory responsibilities.'" *Id*. (quoting *Train*, 510 F.2d at 713).

Sierra Club argues that the Court should order EPA to respond to Sierra Club's petition by 60 days after the issuance of the Court's Order. EPA requests that it be permitted to respond by January 31, 2018. In support of its request, EPA has submitted a detailed affidavit by Anna Marie Wood, Director of the Air Quality Policy Division of EPA, identifying EPA's current workload and obligations. Decl. of Anna Marie Wood [Dkt. 17-3].

As of the date of this Memorandum Opinion, the difference between the two proposed deadlines is approximately two weeks. Ms. Wood's affidavit, and supporting documentation, convince the Court that EPA's request for a modestly extended deadline is made in a good faith effort to manage EPA's competing Title V obligations. The Court also notes that the upcoming holiday season presents its own inevitable complications, which further supports EPA's request for a short extension. The Court will order EPA to respond to Sierra Club's petition on or before January 31, 2018.

## CONCLUSION

As EPA concedes, it has failed to perform its nondiscretionary duties under the Clean Air Act. Sierra Club's Motion for Summary Judgment [Dkt. 12] will therefore be granted in part, and judgment will be entered in favor of Sierra Club. EPA will have until January 31, 2018, to remedy its violation. A memorializing Order accompanies this Memorandum Opinion.

Date: November 17, 2017

/s/
ROSEMARY M. COLLYER
United States District Judge